UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR LAUDERDALE, )<br>     Plaintiff )<br>v. )<br>DOUGLAS F. SMALL, )<br>     Defendant. ) | Civil Action No.: 06-0955 (CKK) |

**DEFENDANT'S MOTION TO DISMISS**

Defendant[1] respectfully moves to dismiss the claims against it for lack of subject matter jurisdiction and failure to state a claim under Rule 12(b)(1) and (6).  In short, Plaintiff's claim for assault must be dismissed under the Federal Tort Claims Act because she has has not exhausted her administrative remedies and, moreover, Congress has not waived the federal government's sovereign immunity for this particular tort.  This motion is based on the memorandum in support, filed simultaneously herewith, and the entire record in this case.

Dated: July 3, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

---

[1] The original defendant, Douglas F. Small, was replaced as defendant by the United States by virtue of the certification that Mr. Small was acting within the scope of his employment at the time of the events alleged in the complaint.  *See* 28 U.S.C. § 2679(d)(1) and Ex. 1 hereto (certification).  Defendant is simultaneously filing a motion to amend the case caption to reflect the substitution of the United States for Mr. Small as the proper defendant.

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR LAUDERDALE, | ) |
| Plaintiff | ) Civil Action No.:  06-0955 (CKK) |
| v. | ) |
| DOUGLAS F. SMALL, | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, named in the complaint as Douglas F. Small but properly identified as the United States of America, moves to dismiss the claims against it for lack of jurisdiction and failure to state a claim under Rule 12(b)(1) and (6).  Plaintiff brings tort claims for assault, alleging that Douglas F. Small made her feel intimidated and threatened at the conclusion of a labor management meeting on May 1, 2006 at the Department of Labor where plaintiff and Mr. Small are employed.  First, these claims must be dismissed under the Federal Tort Claims Act because Plaintiff has not exhausted her administrative remedies and, moreover, Congress has not waived the federal government's sovereign immunity for this tort.  Second, because Plaintiff was undeniably acting within the scope of her employment, her exclusive remedy for her injuries is under the Federal Employees Compensation Act, 5 U.S.C. §§ 8101 *et seq*. ("FECA").  This action is therefore also barred by FECA exclusivity.

**Background**

Plaintiff, Eleanor Lauderdale, initially filed this action in D.C. Superior Court, alleging the common law tort of assault. Specifically, Ms. Lauderdale's complaint alleges that Douglas Small screamed at her and put his fist in her face while both Lauderdale and Small were attending a labor-management meeting at the Department of Labor where both are employed. Complaint, generally.

On May 22, 2006, defendant removed the action to federal court, pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), 1446 and 2679(d)(2). At the same time, the United States filed as an attachment to the Notice of Removal a certification, pursuant to 28 U.S.C. § 2679(d), that defendant Small was acting within the scope of his employment at the time of the incident alleged in the complaint.

**Legal Standard for Motion to Dismiss.**

A motion under Rule 12(b)(1) or 12(b)(6) "tests the legal sufficiency of the complaint." ACLU Foundation of Southern Calif. v. Barr, 952 F.2d 457, 472 (D.C. Cir. 1991). When reviewing such motions, the Court must take the allegations in the non-movant's pleading as true. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sinclair v. Keindienst, 711 F.2d 291, 293 (D.C. Cir. 1983). However, "a court must accept only well-pleaded allegations of fact, it need not accept legal conclusions." Taiwo Okusami v. Psychiatric Institute of Washington, Inc., 959 F.2d 1062, 1069 (D.C. Cir. 1992) (Sentelle, J., concurring in part and dissenting in part) (quoting 5A Wright & Miller, Federal Practice and Procedure, § 1357 at 315) (internal quotes omitted). Even for *pro se* plaintiffs, "the district court 'need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the

court accept legal conclusions cast in the form of factual allegations.'" Henthorn v. Department of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994) (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

A court may consider evidence beyond the pleadings in ruling on a 12(b)(1) motion challenging jurisdiction, though it is not required to do so. See Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). In ruling on a 12(b)(6) motion, a court is limited to the allegations in the complaint and "other matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion." See Arizmendi v. Lawson, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996).

On May 22, 2006, the Attorney General, through Rudolph Contreras, Chief, Civil Division, Office of the United States Attorney for the District of Columbia, certified that individually-named federal defendant Douglas F. Small was acting within the scope of his employment as a federal employee at the time of the incidents out of which plaintiff's claims in this action arose. See United States' Notice of Substitution of the United States as Defendant in Place of Individually-Named Federal Defendant Douglas F. Small [Docket Entry No. 1; Exhibit B]. Barring an appropriate challenge, that certification operates to substitute the United States of America for individually-named federal defendant Small. See 28 U.S.C. § 2679(d)(1).[2]

---

[2] Undersigned counsel notes that the United States Supreme Court recently granted *certioari* in Osborn v. Haley, 422 F.3d 359 (6th Cir. 2005), cert. granted, 126 S. Ct. 2017, 2006 WL 1310696 (May 15, 2006), to decide two questions under the FTCA: (1) whether the statute authorizes the Attorney General to remove an action to federal court and seek substitution of the United States while denying that the incident happened at all; and (2) whether the statute precludes remanding

Here, as discussed further below, the claim is jurisdictionally barred on two independent grounds. First, plaintiff has failed to comply with the mandatory administrative claim requirement of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. ("FTCA" or "the Act"), the only waiver of sovereign immunity for plaintiff's common law tort committed by another federal employee acting within the scope of his employment. Second, plaintiff's action runs afoul of 28 U.S.C. § 2680(h), barring money damages claims against the United States sounding in assault. On each of these separate grounds, then, this action against the United States must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

I.     **The United States Must Be Substituted for the Individual Defendant.**

The FTCA expressly provides that any common law tort suit brought against a federal employee must be treated as a suit against the United States once the Attorney General (or his delegate) certifies that the employee acted within the scope of his employment:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1) (emphasis added). In this case, the United States filed such a certification for the individual defendant contemporaneously with removal of this civil action. Therefore, the individual defendant is entitled to immunity under section 2679. See United States v. Smith, 499 U.S. 160, 162-63 (1991); Brown v. Armstrong, 949 F.2d 1007, 1010 (8th Cir. 1991). In the place

---

actions to state court upon concluding that the Attorney General's certification was not authorized by the FTCA. Because there is no denial in this case that the meeting took place in which plaintiff alleges Mr. Small assaulted her and the Westfall certification is authorized, there is no need to wait for a decision from the Supreme Court in Osborn before addressing the instant case.

of the individual defendant, the United States is substituted as the exclusive defendant for all common law tort claims and the case against the individual defendant is dismissed.  See also Sami v. United States, 617 F.2d 755, 768 (D.C. Cir. 1979) (federal employees immune from defamation suit when acting "within the ambit of discretion"); Trifax v. District of Columbia, 53 F. Supp. 2d 20 (D.D.C. 1999) ("acting within the outer perimeter of the duties"), aff'd, 314 F.3d 641 (D.C. Cir. 2003).

Automatic dismissal of the case against the individual defendant is fully consistent with the exclusivity of the tort remedies provided by the Federal Tort Claims Act, 28 U.S.C. § 2679(b)(1).  The FTCA pre-empts any tort actions directly based on the common law or state law, including D.C. law, against the United States, its agencies, or employees.  See Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institution, No. 74-1899, (D.C. Cir., June 28, 1976), reprinted in 566 F.2d 289 App. A-1, at 295-99; Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985).

## II.     No Waiver of Sovereign Immunity Under the FTCA

It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  Hercules Inc. v. United States, 516 US 417, 422-23 (1996) quoting United States v. Testan, 424 U.S. 392, 399 (1976), quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  See also United States v. Orleans, 425 U.S. 807 (1976); United States v. Testan, 424 U.S. at 399  ("except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States'") (quoting United States v. Sherwood, 312 U.S. at 587-88).

5

Where the federal government waives its immunity from suit, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981). "[A] waiver of [sovereign] immunity . . . must be 'unequivocally expressed.'" Id. See also United States v. Nordic Village, 503 U.S. 30, 33-34 (1992); United States v. King, 395 U.S. 1, 4 (1969). Such waivers are construed "strictly in favor of the sovereign." Library of Congress v. Shaw, 478 U.S. 310, 318 (1986). See also Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999); United States v. King, 395 U.S. at 4; United States v. Erika, Inc., 456 U.S. 201, 206 n.6 (1982).

Finally, a party bringing suit against the United States bears the burden to prove that the government has unequivocally waived its immunity. United States v. Sherwood, supra; Interstate Bank Dallas, N.A., v. United States, 769 F.2d 299, 303 (5th Cir. 1985); Cominotto v. United States, 802 F.2d 1127, 1129 (9th Cir. 1986); Cole v. United States, 657 F.2d 107, 109 (7th Cir.), cert. denied, 454 U.S. 1083 (1981).

The FTCA is a limited waiver of sovereign immunity, and the exclusive remedy, for claims for money damages sounding in tort for injuries to person or property as a result of an act or omission by a federal agency or employee acting within the scope of employment. 28 U.S.C. §§ 1346(b), 2671, 2675. See, e.g., United States v. Smith, 499 U.S. 160 (1991) (FTCA is the exclusive mode of recovery for the tort of a government employee, "even when the FTCA itself precludes Government liability" or operates to preclude a remedy altogether); Simpkins v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997); see also Mitchell v. Carlson, 896 F.2d 128, 135 (5th Cir. 1990) (it is settled law that "Congress clearly intended the FTCA, with all of its exclusions and limitations, to provide the sole remedy for persons injured by federal

employees acting within the scope of their employment"). The Act thus permits suits against the United States subject to those terms and conditions imposed by the statute, which are to be strictly construed. Garcia v. United States, 776 F.2d 116, 118 (5th Cir. 1985); United States v. Sherwood, 312 U.S. 584 (1941). Plaintiff has failed to fulfill at least one of those mandatory conditions: exhaustion of her administrative remedies.

The FTCA requires plaintiff to submit an administrative claim prior to suing in federal court. See 28 U.S.C. § 2675(a). Plaintiff fails to allege facts showing that she has exhausted her administrative remedies under the FTCA for the harm alleged in her complaint. Indeed, the chronology of the events set forth in the Complaint render it nearly impossible for plaintiff to have fully and completely exhausted her claim.

Plaintiff has not alleged that she ever filed an administrative tort claim with the U.S. Department of Labor. Moreover, even if she had filed one immediately after the alleged assault, the six months allotted for such a claim to be processed by the agency cannot have yet run. See 28 U.S.C. § 2675(a).[3] This requirement is jurisdictional and cannot be waived. Hohri v. United States, 782 F.2d 227, 245-46 (D.C. Cir. 1986), reh'g denied, 793 F.2d 304 (D.C. Cir. 1987), rev'd on other grounds sub nom., United States v. Hohri, 482 U.S. 64 (1987). An action cannot be

---

[3] In pertinent part, the statute provides:
An action shall not be instituted upon a claim against the United States for money damages for injury of loss of property or personal injury . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.
28 U.S.C. § 2675(a).

maintained under the FTCA where the complaint is filed before such an administrative claim is finally denied or six months have passed. See 28 U.S.C. § 2401(b). Therefore, because plaintiff has not properly exhausted her administrative remedies, this Court lacks jurisdiction to entertain plaintiff's tort claims against the United States. Id.; McNeil v. U.S. Public Health Serv., 508 U.S. 106 (1993); GAF Corp. v. United States, 818 F.2d 901, 904 & n.86 (D.C. Cir. 1987).

Because plaintiff has not even alleged exhaustion, she has failed to assert facts that would state a claim within the jurisdiction of this Court. See Altman v. Connally, 456 F.2d 1114, 1116 (2d Cir. 1972) ("Insofar as the complaint seeks recovery from the United States in tort, it was also deficient in that, apart from other considerations, it failed to allege the presentation of a claim to the appropriate Federal agency and a final disposition of the claim by that agency."); Clayton v. Pazcoquin, 529 F. Supp. 245, 247-48 (W.D. Pa. 1981) (dismissing for lack of jurisdiction, inter alia, because the complaint did not allege that an administrative claim was presented to the Federal agency); Campbell v. United States, 496 F. Supp. 36, 38 (E.D. Tenn. 1980) ("The complaint herein is deficient, in that it fails to aver that the required administrative procedures were timely commenced and that there has been a final disposition of the administrative claim by the appropriate agency or agencies."). Nor can plaintiff establish jurisdiction by filing an administrative complaint now because an action cannot be maintained under the Federal Tort Claims Act where the complaint is filed before such an administrative claim is finally denied or six months have passed. McNeil, 508 U.S. at 111-13. Accordingly, this case must be dismissed. Fed. R. Civ. P. 12(b)(1).

**III.     Plaintiff's Intentional Tort Claim Must be Dismissed Because Assault Is Not Covered By the FTCA.**

There is a second, independent reason why this case should be dismissed. The FTCA also specifies certain torts for which the statute expressly does <u>not</u> waive the government's sovereign immunity. <u>See</u> 28 U.S.C. § 2680. Among those exempted claims are those "arising out of assault, battery, . . . *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) shall apply to any claim arising . . . out of assault, [or] battery . . [.]" 28 U.S.C. § 2680(h). Because neither Ms. Lauderdale nor Mr. Small are or were investigative or law enforcement officers, the FTCA excludes all claims "arising out of assault [or] battery." Because the conduct alleged to be tortious falls within one of the exceptions in 2680(h) to the FTCA's limited waiver of sovereign immunity, the Court also lacks subject matter jurisdiction over the action. <u>Dalehite v. United States</u>, 346 U.S. 15, 24 (1953); <u>Jablonski v. United States</u>, 712 F.2d 391, 395 (9th Cir. 1983); <u>Boda v. United States</u>, 698 F.2d 1174, 1176 (11th Cir. 1983); <u>Gibson v. United States</u>, 457 F.2d 1391, 1392 n.1 (3rd Cir. 1972); <u>Konecny v. United States</u>, 388 F.2d 59, 62 (8th Cir. 1967).

The "arising out of" language is broadly construed; the pertinent question is whether the plaintiff's claim is "within the words and reason of the exception." <u>Kosak v. United States</u>, 465 U.S. 848, 853 n.9 (1984). <u>See</u> also <u>United States v. Shearer</u>, 473 U.S. 52 (1985). In this case, the essence of plaintiff's claim is plainly one for assault by a co-worker. Therefore, it is clear that plaintiff's complaint should be dismissed for a second, independent lack of jurisdiction. Fed. R. Civ. P. 12(b)(1).

9

## IV.   Alternatively, FECA Bars This Action

The Federal Employees Compensation Act, 5 U.S.C. §§ 8101-8193 ("FECA"), provides a comprehensive remedy to a federal employee for injuries "sustained while in the performance of his duty." 5 U.S.C. § 8102. The remedies provided under FECA are the <u>exclusive</u> remedies for injuries falling within its coverage. The statutory language is explicit:

> The liability of the United States [under FECA] . . . with respect to the injury or death of an employee <u>is exclusive and instead of all other liability of the United States</u> . . . to the employee . . . because of the injury or death in a direct judicial proceeding, in a civil action, . . . or under a Federal tort liability statute. (Emphasis added).

5 U.S.C. § 8116(c). The Supreme Court has consistently recognized that FECA's exclusive-liability provision was designed to protect the Government from suits under other statutes, such as the Federal Tort Claims Act (FTCA), which would otherwise waive the Government's sovereign immunity for claims brought by non-employees. <u>See</u> <u>United States v. Lorenzetti</u>, 467 U.S. 167, 169 (1984) ("Because the United States' liability for work-related injuries under FECA is exclusive, <u>see</u> § 8116(c), respondent cannot recover from the United States for losses such as pain and suffering that are not compensated under FECA."); <u>Lockheed Aircraft Corp. v. United States</u>, 460 U.S. 190, 193-94 (1983).

In enacting this FECA provision, Congress adopted the principal compromise commonly found in workers' compensation legislation, that employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the government. <u>See</u> <u>Lockheed</u>, 460 U.S. at 193-94; <u>Tredway v. District of Columbia</u>, 403 A.2d 732, 734 (D.C. App. 1979) (exclusivity provision intended "to limit the

10

government's liability to a low enough level so that *all* injured employees can be paid some reasonable level of compensation for a wide range of job-related injuries, regardless of fault.").

The only relevant consideration here is whether FECA covers Plaintiff's injuries and for that the question is whether she was acting within the scope of her employment at the time of her injuries. It is the actions of the *injured* party that are scrutinized, not the actions of the alleged tortfeasor.

> More importantly, the question of whether Ms. Robinson [alleged assailant] was acting within the scope of her employment is pertinent only to the question of whether United States is properly substituted for Ms. Robinson as defendant. The relevant inquiry for the purpose of determining whether Ms. Caesar's claims fall within the exclusive purview of FECA, thus depriving this Court of jurisdiction, is whether *Ms. Caesar* was acting within the scope of employment at the time she sustained her injuries.

Caesar, 258 F. Supp. 2d at 5 (emphasis in original, citations omitted); see also Williams v. Morgan, 723 F. Supp. 1532, 1535 (D.D.C. 1989) (distinguishing between analysis of victim's actions under FECA and alleged assailant under FTCA). The same standards apply for this determination as for the FTCA scope determination (discussed below), i.e. the governing law is the D.C. law on scope of employment in the context of vicarious liability under *respondeat superior*. See, e.g., Caesar, 258 F. Supp. 2d at 5; see also Hechinger, 761 A.2d at 24 (defining scope of employment standard); Weinberg, 518 A.2d at 988 (same).

Plaintiff is a federal employee who alleges that she sustained injuries in the course of her employment. See Complaint, generally. FECA, therefore, provides for her exclusive remedy.

### Conclusion

The certification filed by the United States results in the substitution of the United States as party defendant for the individual defendant. The action must be dismissed, therefore, against

the individual defendant Douglas Small.  Moreover, the entire case must be dismissed for failure to exhaust administrative remedies and because the tort alleged is not within the limited waiver of sovereign immunity in the FTCA and is, therefore, outside the Court's jurisdiction and barred as a matter of law.  Plaintiff's exclusive remedy for the injury she alleges is the FECA.

Dated: July 3, 2006

                    Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161
jane.lyons@usdoj.gov

**CERTIFICATE OF SERVICE**

      I certify that I caused copies of the foregoing **Defendant's Motion to Dismiss and Memorandum in Support of Motion to Dismiss** with attachments to be served by first class mail upon Plaintiff, pro se, at:

Eleanor Lauderdale
901 Northwest Drive
Silver Spring, Maryland 20901


on this 3rd day of July, 2006.


                                  /s/
                                  JANE M. LYONS, D.C. Bar # 451737
                                  Assistant United States Attorney