UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| ELEANOR LAUDERDALE, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No.: 06-0955 (CKK) |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS F. SMALL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiff, Eleanor Lauderdale, initially filed this action in D.C. Superior Court, alleging the common law tort of assault. Specifically, Ms. Lauderdale's complaint alleges that Douglas Small screamed at her and put his fist in her face while both Lauderdale and Small were attending a labor-management meeting at the Department of Labor where both are employed. Complaint, generally. Along with her complaint in Superior Court, plaintiff filed a motion requesting that "Mr. Small keep a distance of 25 feet away from me." See Docket Entry 1; Exhibit A, page 3. This request is in the nature of injunctive relief. Beyond the fact that Plaintiff's motion should be denied because the Court lacks jurisdiction over this case as explained in Defendant's Memorandum in Support of Motion to Dismiss, there is no basis for the relief plaintiff seeks.

The decision whether to grant preliminary injunctive relief under Federal Rule of Civil Procedure 65(a) is reserved to the sound discretion of the Court. "The basis for injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."

Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir.1985). To constitute irreparable harm, "the injury must be both certain and great; it must be actual and not theoretical." Id. It is well settled that injunctive relief is an extraordinary remedy, and the party seeking it has a substantial burden of proof. American Coastal Line Joint Venture v. United States Lines, Inc., 580 F. Supp. 932, 935 (D.D.C. 1983); see Sea Containers Ltd. v. Stena AB, 890 F.2d 1205, 1208 (D.C. Cir. 1989); Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958). To be entitled to the extraordinary remedy of injunctive relief, plaintiff must show that: (1) there is a substantial likelihood of prevailing on the merits of their claims; (2) a preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury to the plaintiff outweighs the possible harm to others; and (4) the public interest favors issuance of the injunction. Sea Containers, 890 F.2d at 1208; Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977); Virginia Petroleum, 259 F.2d at 924-25. These factors "interrelate on a sliding scale and must be balanced against each other. 'If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in the other areas are rather weak.'" Serono Laboratories, Inc. v. Shalala, 158 F.3d 1313, 1318 (D.C. Cir. 1999), quoting CitiFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir. 1995).[1]

Applying this standard in this case plainly reveals that plaintiff is not entitled to preliminary injunctive relief. First, the Court lacks jurisdiction over this case for the reasons

---

[1] A thorough academic discussion of whether the D.C. Circuit requires the moving party to demonstrate all four factors to obtain injunctive relief and in what proportion may be found in Adair v. England, 217 F.Supp.2d 1, 3 n.7 (D.D.C. 2002). In this case, however, because plaintiff fails to satisfy any of the elements, the precise framework of analysis is largely academic.

explained in Defendant's Memorandum in Support of Motion to Dismiss. As such, the Court should not exercise its authority in the manner sought by plaintiff. Beyond the absence of jurisdiction, relief in the form of an order directing Mr. Small to stay at least twenty-five feet away from Ms. Lauderdale would represent a substantial intrusion into a federal agency's running of its workplace and run afoul of well-established legal principles.

Where the ultimate relief sought would "interfere with the public administration" or if its effect would be "to restrain the government from acting, or to compel it to act," it is in the nature of mandamus. Dugan v. Rank, 372 U.S. 609, 620 (1963) (quoting Land v. Dollar, 330 U.S. 731, 738 (1947), and Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 704 (1949)); see also Doe v. Civiletti, 635 F.2d 88, 93 n. 13 (2d Cir. 1980).[2] The mandamus statute provides:

---

[2] The rationale for the perseverance of the doctrine of sovereign immunity -- a doctrine so seemingly unimpressed with notions of fairness -- in circumstances where judicial management of the Executive branch has been sought, is clearly set forth in the Larson decision itself, in a passage worth its length:

> It is argued that the principle of sovereign immunity is an archaic hangover not consonant with modern morality and that it should therefore be limited wherever possible. There may be substance in such a viewpoint as applied to suits for damages. The Congress has increasingly permitted such suits to be maintained against the sovereign and we should give hospitable scope to that trend. [footnote omitted] But the reasoning is not applicable to suits for specific relief. For, it is one thing to provide a method by which a citizen may be compensated for a wrong done to him by the Government. It is a far different matter to permit a court to exercise its compulsive powers to restrain the Government from acting, or to compel it to act. There are the strongest reasons of public policy for the rule that such relief cannot be had against the sovereign. The Government as representative of the community as a whole, cannot be stopped in its tracks by any plaintiff who presents a disputed question of property or contract right. As was early recognized, 'the interference of the Courts with the performance of the ordinary duties of the executive departments of the government, would be productive of nothing but mischief.' (citation omitted).

Larson, 337 U.S. at 703-04.

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. It is well-settled that the mandamus statute is not a waiver of sovereign immunity. <u>Washington Legal Foundation v. U.S. Sentencing Comm'n</u>, 89 F.3d 897, 901 (D.C. Cir. 1996) (citations omitted).

Here, plaintiff seeks an order dictating a minimum distance between herself and a co-worker in a workspace where thousands of people are working.[3] Plaintiff's entire basis for such an impractical request is a single, albeit perhaps unpleasant, verbal exchange. Importantly, plaintiff has not alleged that the agency lacks the systems or resources to address such minor personnel matters internally, and she does not allege that she is unsafe at work. Indeed, she does not even allege that she has any or regular meetings with Mr. Small. As such, this matter should be relegated to the Department of Labor's internal procedures and not elevated to a federal court. Internal agency procedures, in particular, are committed to an agency's discretion. <u>Vermont Yankee Nuclear Power Corp. v. NRDC</u>, 435 U.S. 519, 524 (1978)(the formulation of internal agency procedures is "basically left within the discretion of the agencies to which Congress has] confided the responsibility for substantive judgments"; "[absent constitutional constraints or extremely compelling circumstances, the administrative agencies should be free to fashion their

---

[3] Notably, plaintiff seeks an Order requiring Mr. Small to keep twenty-five feet away from her without limiting its reach to the workplace. Nothing in plaintiff's filings suggest that she has any kind of contact with Mr. Small outside of work, and plaintiff has certainly not met the burden of subjecting Mr. Small to the risk of being found in contempt for violating an order where the statement plaintiff claims to have been threatening was not objectively threatening. Plaintiff alleges only that Mr. Small said that plaintiff should "do her homework before meeting with Mr. Small again." <u>Compare</u> Complaint <u>with</u> <u>Rogers v. Loews L'Enfant Plaza Hotel</u>, 526 F.Supp. 523, 529 & n. 13 (D.D.C.1981) (outlining elements of a cause of action for assault).

own rules of procedure . . . permitting them to discharge their multitudinous duties"). This would certainly include an agency's procedures for resolving isolated and minor workplace disputes between employees as alleged by plaintiff here.

Because the Court lacks jurisdiction over her claim and because the injunctive relief sought would impermissibly interfere with the internal functioning of a federal agency, plaintiff cannot succeed on the merits of her claim. Moreover, plaintiff has not shown that she will suffer any injury at all, let alone any irreparable injury, if the Court denies her request. Indeed, since the May 1, 2006 incident, two months have passed without further incident of any kind as least as far as the record currently reflects. Because the threatened harm to plaintiff is negligible, if any, it does not outweigh the substantial harm to the management of the Department of Labor of attempting to comply with the type of Court order being sought. The public interest is best served by encouraging employees in similar circumstances to work through internal procedures and to simply find a way to get along.

## Conclusion

Therefore, based on the foregoing, the Court should deny plaintiff's motion and dismiss this case. A proposed order granting such relief is attached to defendant's motion to dismiss.

Dated: July 3, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

Case 1:06-cv-00955-CKK    Document 5    Filed 07/03/2006    Page 6 of 7

 /s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

## **CERTIFICATE OF SERVICE**

    I certify that I caused copies of the foregoing **Defendant's Opposition to Plaintiff's Motion for a Preliminary Injunction** to be served by first class mail upon Plaintiff, pro se, at:

Eleanor Lauderdale
901 Northwest Drive
Silver Spring, Maryland 20901

on this 3rd day of July, 2006.

          /s/
          JANE M. LYONS, D.C. Bar # 451737
          Assistant United States Attorney