UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELEANOR LAUDERDALE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 06-955 (CKK) |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS F. SMALL, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S REPLY IN SUPPORT OF MOTIONS TO DISMISS AND TO AMEND THE CASE CAPTION

Plaintiff's opposition demonstrates that this case is frivolous. In response to defendant's reasoned arguments, plaintiff is playing keep-away. While plaintiff has utterly refused to define what claim she is bringing, she aggressively denies that it is anything suggested by defendant. However, by affirmatively disavowing both that she was injured on May 1, 2006 and that she is seeking to recover any monetary damages in this action, plaintiff effectively concedes in her opposition to defendant's motion that she has failed to state any claim against Mr. Small because the basis for obtaining injunctive relief – which is the only thing plaintiff supposedly continues to seek – must be some kind of irreparable injury and the inadequacy of other remedies. Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir.1985). Dismissal of this case should result.

In her zeal to avoid the application of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-80 ("FTCA"), and the Federal Employees Compensation Act, 5 U.S.C. §§ 8101-93 ("FECA"), and remove this Court's jurisdiction, plaintiff's opposition

confirms that this case is about nothing.  The only relief plaintiff seeks – an order requiring Mr.

Small to stay at least twenty-five feet away from her – is unavailable in the absence of a viable

legal claim, and plaintiff fails to articulate one as required by Rule 8 of both the Federal Rules of

Civil Procedure and the D.C. Superior Court's Civil Rules.  Instead of making a short, plain

statement of a claim, plaintiff skips to the remedy without alleging any basis for it.  Because the

allegations fit the framework for assault, the exclusive remedy for torts committed by federal

employees in the course and scope of their employment is found in the FTCA.  To avoid the

FTCA, plaintiff argues two things: (1) that it does not apply because she is not seeking money;

and (2) that it doesn't apply because Mr. Small was not acting in the scope of his employment.

Both arguments fail.

1.      **Plaintiff's Claim Is Against the United States and Must Be Dismissed
        Because There is No Waiver of Sovereign Immunity**

        Plaintiff's forbearance on seeking money damages in this action takes her outside of the

FTCA, but it does not alter the fact that her claim is one against the United States for which she

has failed to identify a waiver of sovereign immunity.  Without bothering to identify any claim,

plaintiff's opposition focuses on her request for relief.  The relief being sought by plaintiff would

require Mr. Small, a federal employee, to do something (ensure that he maintain a minimum

distance of twenty-five feet from plaintiff) or prohibit it him from doing something (such as

passing plaintiff in the hallway) that he might ordinarily do.

        An action seeking to compel an employee of the United States to do something is in the

nature of mandamus.  See 28 U.S.C. § 1361.[1]  It is well-settled that the mandamus statute is not a

---

[1]  The statute provides:
         The district courts shall have original jurisdiction over any action

waiver of sovereign immunity.  Washington Legal Foundation v. U.S. Sentencing Comm'n, 89

F.3d 897, 901 (D.C. Cir. 1996), citing Coggeshall Dev. Corp. v. Diamond, 884 F.2d 1, 3-4 (1st

Cir. 1989); Doe v. Civiletti, 635 F.2d 88, 89 (2d Cir. 1980); Smith v. Grimm, 534 F.2d 1346,

1352 n.9 (9th Cir. 1976); Essex v. Vinal, 499 F.2d 226, 231-22 (8th Cir. 1974); Public Citizen v.

Kantor, 864 F. Supp. 208, 213 (D.D.C. 1994).  A plaintiff seeking a writ of mandamus against a

federal official to perform a duty imposed upon him in his official capacity needs no waiver of

sovereign immunity because the suit is against a government official acting *ultra vires.*

Washington Legal Foundation v. U.S. Sentencing Comm'n, 89 F.3d at 901; Larson v. Domestic

& Foreign Commerce Corp., 337 U.S. 682, 689 (1949); Dugan v. Rank, 372 U.S. 609, 621-22

(1963).

      Where an action is nominally brought against a party other than the United States (in the

instant action, an individual federal employee), the suit is deemed to be one against the United

States if "the judgment sought would expend itself on the public treasury or domain, or interfere

with the public administration," or if the effect of the judgment would be "to restrain the

government from acting, or to compel it to act."  Dugan v. Rank, 372 U.S.at 620, quoting Land v.

Dollar, 330 U.S. 731, 738 (1947), and Larson, 337 U.S. at 704; Doe v. Civiletti, 635 F.2d 88, 93

n.13 (2d Cir. 1980).  In that event, the action will be dismissed for lack of subject matter

jurisdiction.  See, e.g., Coggeshall, 884 F.2d at 3-4.

_____

      in the nature of mandamus to compel an officer or employee of the
United States or any agency thereof to perform a duty owed to the
plaintiff.
28 U.S.C. § 1361.

A judicial dictate requiring Mr. Small to maintain a distance of at least twenty-five feet from plaintiff at all times would indeed interfere with the public administration by altering the daily activities of employees at the Department of Labor.  Because there is no suggestion by plaintiff that she has ever seen Mr. Small anywhere other than at work in the Department of Labor, there can be no question that such an order would appear only to interfere with the functioning of the Department of Labor.  Dugan, 372 U.S. at 620, citing Land v. Dollar, 330 U.S. at 738.[2]  Moreover, requiring special security measures to ensure compliance with the order might well entail spending public funds.  The court's elaboration in Coggeshall is relevant here:

> [B]y requiring the expenditure of these funds on this particular endeavor, diverting them from other Navy projects, the district court's order will be a "restrain[t] on the government from acting or [will] compel it to act."

Coggeshall, 884 F.2d at 4, citing Dugan, 372 U.S. at 620.  Because the order sought by plaintiff would so clearly "interfere with the public administration," whatever claim she grounds it upon

---

[2]  Plaintiff's unsupported and blithe suggestion that "orders of protection are generally issued by municipal courts that have the wherewithal to monitor the orders" (Pl.'s Opp. at 3 n.2) overlooks, among other things, that enforcement of such an order during the workday at the Department of Labor would present a substantial jurisdictional question.  As a federal agency, the Department of Labor, and presumably its employees, would not appear to be subject to an order issued by a municipal court.  Cf. Houston Business Journal v. Office of the Comptroller of Currency, 86 F.3d 1208, 1212  n.4 (D.C. Cir. 1996).  Particularly because plaintiff has alleged a single, isolated event and fails to suggest in her opposition that she has even seen Mr. Small since May 1, 2006 -- now over four months ago as of the filing of this reply -- her request for prospective relief is unfounded.  Absent any actual harm in the past and lacking cause to believe the danger of further harm exists in the present or is likely to arise in the future, defendant respectfully suggests that no court would entertain entering the kind of extraordinary order plaintiff claims to seek.

is one against the United States for which the sovereign has not waived immunity from suit.  It is

therefore subject to dismissal as a matter of law for lack of subject matter jurisdiction.[3]

**2.      The FTCA Bars Any Claim For Money Damages**

To the extent that the Court considered a request for money damages implied in the

Complaint notwithstanding the representations in plaintiff's opposition to defendant's motion to

dismiss, this case should still be dismissed for lack of subject matter jurisdiction.  Although the

Court must accept as true the well-pleaded facts put forth by plaintiff, the Court is not bound by

plaintiff's characterization of her claim.  Kowal v. MCI Communications Corp., 16 F.3d 1271,

1276 (D.C. Cir. 1994); Kivanc v. Ramsey, 407 F.Supp.2d 270, 277 (D.D.C. 2006).  Both

plaintiff's complaint and opposition confirm that she is alleging tortious conduct by another

---

[3]  The rationale for the perseverance of the doctrine of sovereign immunity -- a doctrine so seemingly unimpressed with notions of fairness -- in circumstances where judicial management of the Executive branch has been sought, is clearly set forth in the Larson decision itself, in a passage worth its length:

> It is argued that the principle of sovereign immunity is an archaic hangover not consonant with modern morality and that it should therefore be limited wherever possible.  There may be substance in such a viewpoint as applied to suits for damages.  The Congress has increasingly permitted such suits to be maintained against the sovereign and we should give hospitable scope to that trend. [footnote omitted] But the reasoning is not applicable to suits for specific relief.  For, it is one thing to provide a method by which a citizen may be compensated for a wrong done to him by the Government.  It is a far different matter to permit a court to exercise its compulsive powers to restrain the Government from acting, or to compel it to act.  There are the strongest reasons of public policy for the rule that such relief cannot be had against the sovereign.  The Government as representative of the community as a whole, cannot be stopped in its tracks by any plaintiff who presents a disputed question of property or contract right.  As was early recognized, 'the interference of the Courts with the performance of the ordinary duties of the executive departments of the government, would be productive of nothing but mischief.' (citation omitted).

Larson, 337 U.S. at 703-04.

employee of the Department of Labor who was acting within the scope of his employment at the time.  Plaintiff alleges that she felt intimidated by Mr. Small at or immediately after a labor relations meeting held at the Department of Labor, where both are employed, during normal work hours.[4]  Plaintiff describes the episode as beginning when she retorted to something Mr. Small had said as Mr. Small was leaving the room and then:

> Small changed direction, turned around and headed back towards Ms. Lauderdale . . . [and] with an ink pen between his balled-up fist, he shook his fist in Ms. Lauderdale's face, within approximately two inches of her eyeglasses and demanded that she never again tell him what to do.

Pl.'s Opp. at 1-2.  Plaintiff describes this event in other references in her opposition as "assaulting the plaintiff," "threaten[ing] the plaintiff," and "intentional use of force."  Pl.'s Opp. at 4, 5, 6.  In her complaint, plaintiff alleges that she felt "intimidated."   Complaint.  Despite plaintiff's protestations that this conduct is not covered by the FTCA, there is no doubt that what she has alleged is the tort of assault.  See Rogers v. Loews L'Enfant Plaza Hotel, 526 F.Supp. 523, 529 (D.D.C.1981) (identifying the elements of a cause of action for assault under D.C. law as (1) an action intended to cause "imminent apprehension" of "harmful or offensive contact" in another person; and (2) actual apprehension by the other person).

The FTCA provides the exclusive remedy for money damages for certain torts committed by federal employees during the course of and in the scope of their employment.  28 U.S.C. § 2679(b)(1).  In this case, because Mr. Small is not alleged to be a member of law enforcement, an

---

[4]  See Pl.'s Opp. at 6 ("plaintiff does not take issue with the fact that the incident in question occurred substantially 'within the authorized time and space limits.'").

assault claim grounded in his conduct is covered by the FTCA but barred by 28 U.S.C. § 2680(h).[5]

Plaintiff's effort to escape the FTCA's application by asserting that Mr. Small was acting outside of the scope of his employment is unavailing.  "Whether particular acts are within the scope of an employee's federal employment is ultimately a legal question and is dependent upon an analysis of the facts under the law of the jurisdiction where the tort occurred."  Johnson v. United States, 1987 WL 15690 **1-2 (D.D.C. 1987) (Mem. Op.) (dismissing complaint because it did "not allege any facts which, if proved, would satisfy these criteria and thus establish vicarious liability on the part of the United States" for the acts of two of the defendants). Plaintiff fails to offer any factual allegations which even call the scope certification into genuine question.  She admits that the alleged incident on May 1, 2006 happened during regular business hours, on the premises of the Department of Labor, at the conclusion of a meeting she and Mr. Small attended in the performance of their official duties.  Pl.'s Opp. at 1-2.  Although Ms. Lauderdale suggests that Mr. Small's motivation was "personal," she notably fails to assert any factual basis for her conclusion (such as a prior relationship outside of work between herself and Mr. Small or a statement by the defendant about any subject other than the meeting that had concluded only seconds or minutes before).  The allegations here fall squarely within similar cases involving squabbles between federal employees found to have been acting within the scope of their employment.

---

[5] Based on plaintiff's representation that she was not injured, defendant respectfully withdraws his alternative argument that the FECA provides a basis for dismissal.  See Pl.'s Opp. at 3 n.4.

To define the standard for scope of employment, the D.C. courts look to the Restatement of Agency, see Hechinger Co. v. Johnson, 761 A.2d 15, 24 n.5 (D.C. 2000); Johnson v. Weinberg, 434 A.2d 404, 408 (D.C. 1981) (hereinafter "Weinberg I"),[6] but review of the pertinent decisions, of both the D.C. Court of Appeals and the D.C. Circuit, shows that the D.C. standard does not rely on a literal application of the language of the Restatement's four factors.[7] Instead, the D.C. courts look more to the foreseeability of the allegedly tortious conduct in the particular factual context of the work setting. For example, in analyzing the D.C. Court of Appeals' leading decision in Weinberg, this Court noted the applicability of the Restatement's factors but focused more on that court's finding that:

> the assault arose out of the transaction which initially brought Johnson to the premises (to launder shirts) and was triggered by a dispute over the conduct of the employer's business (missing shirt)" [434 A.2d] at 409. It also explained that an employer is liable for its employee's conduct, even if not explicitly authorized, "where a tort is the outgrowth of a job-related controversy." Id. at 408. A careful reading of the two appellate decisions in Weinberg leads the court to conclude that Mr. Helke's alleged physical contacts with Ms. Boyd were within the scope of his employment under the law of the District of Columbia. Weinberg emphasized--among the Restatement (Second) of Agency's other factors--whether the tort arose from the employee's duties, even though the tort itself was not authorized.

Boyd v. O'Neill, 273 F. Supp. 2d 92, 100 (D.D.C. 2003) (Collyer, J.) (emphasis added).

---

[6] See also Weinberg v. Johnson, 518 A.2d 985 (D.C. 1986) ("Weinberg II") (collectively, "Weinberg").

[7] The Restatement provides that an employees' conduct falls within the scope of employment if:
> 1. it is of the kind he is employed to perform; 2. it occurs substantially within the authorized time and space limits; 3. it is actuated, at least in part, by a purpose to serve the master; and 4. if force is intentionally used by the servant against another, the use of force is not unexpected by the master.

Haddon, 68 F.3d at 1423-24 (quoting Restatement (Second) of Agency (1957)).

Thus, to analyze whether Mr. Small was acting in the scope of his duties, it is necessary to engage in a fair amount of case-by-case comparisons.  Accordingly, it is important to select the cases that most closely parallel the facts in this case (as interpreted on motion for summary judgment).  It is perhaps a sad commentary that there are numerous, applicable court decisions involving assaults of, by, and between employees at work.  Obviously, some of these cases concern far more violence than what is alleged here.  Nevertheless, several decisions find the actions of the alleged employee-assailant to be within the scope of employment.  These cases, when viewed collectively, establish that where the dispute grows out of a work-related controversy and there was no prior personal relationship between the victim and the alleged assailant, these two factors alone indicate that the alleged assailant was **not** acting solely for personal reasons, but was instead motivated--at least in part--by an intent to serve the employer.

The following cases exemplify when a dispute "arises out of" the work situation, and the conduct falls within the scope of employment:

- The fight in Caesar v. United States, 258 F. Supp. 2d 1, 5 (D.D.C. 2003) (Sullivan, J.), started as an argument after the plaintiff made comments in the hallway about the lack of timeliness of another section's project, and one of the employees assigned to the project took offense.  258 F. Supp. 2d at 1-2.  The argument escalated into a fight, and plaintiff eventually needed surgery to repair her shoulder.  Id. at 2.  The alleged assault "occurred during or immediately following" the argument and so "it is clear that it was 'triggered by a dispute over the conduct of the employer's business' and 'arose naturally and immediately between [plaintiff and defendant]."  Id. at 4 (citing Lyon).

- Howard Univ. v. Best, 484 A.2d 958 (D.C. 1984), involved a female faculty member who accused the dean of sexual harassment, including various gropings, that may have contributed to her high blood pressure and stress. Id. at 981-82. In its analysis of vicarious liability of the university, the court focused on the context of the conduct: "Liability may be extended to situations where the employment provides a peculiar opportunity and . . . incentive for the tortious activity." Id. at 987 (emphasis added, internal quotes omitted). The court noted that the conduct "occurred during faculty, administrative or other professional meetings" attended by the dean and the professor. Id. Indeed, such quasi-public encounters might not seem particularly well suited for sexual harassment, but they presented a sufficient "opportunity" to make the torts foreseeable and bring the dean's conduct into the scope of his employment. The court analogized the situation to Lyon v. Carey, 533 F.2d 649 (D.C. Cir. 1976), where a customer was assaulted and raped by a delivery-man employee whom the court found was acting within the scope of his employment. The logical conclusion is that the courts have emphasized the situation and the context in which it arose to a greater extent than they have the specific conduct that resulted from the situation.

- Koch v. United States, 209 F.Supp.2d 89 (D.D.C. 2002), sum. aff'd, No. 02-5222, 2002 WL 31926832 (D.C. Cir. Dec. 31, 2002), involved an intra-office squabble between employees that escalated into shouting and threats. See id. at 90-91. The two employees had crossed paths before when Koch had responded to criticisms from his supervisor about his chronic absenteeism by saying the supervisor did

- 10 -

not similarly criticize the other employee's attendance.  Id.  The facts were similar to those alleged, here, with the plaintiff claiming that the defendant put his face inches away from plaintiff's face, pointed his finger at plaintiff, and spoke in a loud and angry voice.  Id. at 91.  The court found that the dispute "stemmed *directly* from a dispute over their respective performances" and so "arose solely because of a dispute about work performance[.]"  Id. at 93.  Hence, the conduct of the other employee was within the scope of employment, even though it was clear from the context that the dispute had long since become personal.  Although some may find it challenging to see much purpose to serve the employer in such conduct, it is the context creating the situation that matters, rather than the Restatement factors applied literally.

Thus, the cases consistently analyze the context in which the alleged assault arose, and do not look solely at the severity or appropriateness of the conduct.  Some of the cases noted a conceivable work-related purpose by the alleged assailant, but little was required and indeed this analysis seeks only to rule out the possibility that the assault had no possible purpose to serve the employer.  Even with that, cases such as Best and Koch suggest that any purpose to serve the employer is sufficient to find the conduct within scope, while cases such  as Weinberg suggest that lack of such purpose is not sufficient to find the conduct beyond the scope of employment.  Accordingly, even assuming the truth of all of plaintiff's factual allegations, it is clear that Mr.

Small was acting within the scope of his employment such that he cannot be sued and the FTCA

provides the only potential remedy.[8]

Plaintiff's overly literal reading of the Restatement's factors and reliance on <u>Haddon v.</u>

<u>United States,</u> 68 F.3d 1420,1424-25 (D.C. Cir. 1995), in support of her argument that Mr. Small

was not acting in the scope of his employment is unpersuasive in the face of cases such as <u>Koch</u>

and <u>Ceasar</u>.[9]

---

[8]  Moreover, the Attorney General's designee's scope certification under 28 U.S.C.
§ 2679(d)(1) is deemed conclusive unless properly challenged.  28 U.S.C. § 2679(d)(1);
<u>Gutierrez de Martinez v. Lamagno,</u> 515 U.S. 417, 420 (1995) (government's scope-of-
employment determination is judicially reviewable as to the substitution of the United States
under 28 U.S.C. § 2679(d)(1)).  In the face of such a challenge, it is the plaintiff who bears the
burden of proof as to the scope-of-employment issue once the Attorney General has issued a §
2679(d)(1) scope certification.  <u>See</u>, <u>e.g.</u>, <u>Kimbro v. Velten</u>, 30 F.3d 1501, 1509 (D.C. Cir. 1984);
<u>Schneider v. Kissinger</u>, 310 F. Supp.2d 251, 264 (D.D.C. 2004), <u>aff'd</u>, 412 F.3d 190 (D.C. Cir.
2005); <u>Koch v. United States</u>, 209 F. Supp. 2d 89, 92 (D.D.C. 2002), <u>sum. aff'd</u>, No. 02-5222,
2002 WL 31926832 (D.C. Cir. Dec. 31, 2002).  <u>Cf.</u> <u>Stokes v. Cross</u>, 327 F.3d 1210 (D.C. Cir.
2003) (plaintiff also has burden to meet evidentiary standard to obtain discovery and a hearing on
scope issue).  To sustain that burden, the plaintiff must show that the facts alleged in the
complaint, if assumed to be true, would rebut the scope certification.  <u>Stokes v. Cross</u>, 327 F.3d
at 1216.  Beyond the mere fact that plaintiff has failed to do that here, the facts included in her
complaint and her opposition, especially when stripped of her characterizations, actually
corroborate the conclusion that Mr. Small was properly certified as acting within the scope of his
employment.

[9]  Plaintiff also ignores the court's reasoning in <u>Haddon</u> which puts a significant gloss on
the language of the Restatement's first factor, whether the conduct is "of the kind the [employee]
is hired to perform."  It is not, as the literal language of the Restatement might suggest, a question
of whether the conduct falls within the employee's job description, or the employer's
expectations of or instructions to the employee.  Instead, the <u>Haddon</u> decision makes clear that
the standard is far more inclusive than that and reaches conduct that is "foreseeable" in the sense
that the conduct arises out of the workplace situation such that "*it is fair to charge employers
with the responsibility for intentional torts of their employees*."  <u>Id.</u> at 1424 (emphasis added).
Having business meetings and disagreements arising out of them is well within the expected
range of the employer's and society's expectations.

Thus, the FTCA is the sole and exclusive waiver of sovereign immunity that pertains to the conduct at issue in this case.  As noted above, money damages are not available because assault is exempted from the statute's coverage.  See 28 U.S.C. § 2680(h).  Plaintiff's declination of monetary damages is, therefore, irrelevant.  She simply has no judicial remedy whatsoever, and is limited to any internal agency mechanisms for redress.  Because the Department of Labor is not named as a defendant, plaintiff's allegations concerning its policies, actions, or omissions are of no moment.

Finally, plaintiff also contests the basis for removal of this action to this Court from the D.C. Superior Court.  See Pl.'s Opp. at 2, 7.  Because the gravamen of the complaint is undeniably grounded in allegations of tortious conduct by an employee of a federal agency, removal was proper.[10]  That the FTCA provides the exclusive remedy for torts committed by federal employees acting within the scope of their duties and is limited to monetary damages reflects a policy choice by Congress that such a limited waiver of sovereign immunity is appropriate.  Plaintiff's contortions to take this case outside the FTCA's waiver simply leave her without any judicial remedy, but that does not render the removal of this action improper, at a minimum under 28 U.S.C. § 1442(a)(1), because the named defendant, Mr. Small, is an employee of the Department of Labor and, therefore, acts under the Secretary of Labor, an officer of the United States.  See Notice of Removal, ¶ 4 [Docket Entry No. 1].  Because all indicia in

---

[10]  Plaintiff notes that defendant's motion to dismiss assumes the truth of the allegations in the complaint.  Pl.'s Opp. at 2.  This observation is unremarkable because that assumption is required by the legal standard applicable to the motion and defendant has shown that dismissal is warranted even if every fact is deemed true.  However, if this case survives defendant's motion, defendant certainly will dispute plaintiff's account of the May 1, 2006 incident.

this case point to a cause of action, if any, for assault, removal was also proper under 28 U.S.C. § 2679(d).

## Conclusion

At bottom, plaintiff is not entitled to any relief whatsoever because she admits that she was not injured and that the conduct she seeks to redress is a tort allegedly committed by a federal employee acting within the scope of his duties.  There is no waiver of sovereign immunity for the injunctive-type relief she is seeking which would interfere with the public administration of the Department of Labor.  Otherwise, for any money damages, plaintiff would be limited to proceeding under the FTCA and would fail for three independent reasons: (1) the defendant was clearly acting within the scope of his authority at the time of the incident; (2) assault claims are excluded from the FTCA; and (3) plaintiff admits that she has never exhausted the required administrative remedies.  Because she has failed to identify any valid claim or basis for any relief, this case should be dismissed. Fed. R. Civ. P. 12(b)(1) and (6).

Dated: September 14, 2006.

Respectfully submitted,


_____    _____
                                            KENNETH L. WAINSTEIN, D.C. Bar #451058
                                            United States Attorney


                                             /s/
                                            _____
                                            RUDOLPH CONTRERAS, D.C. Bar # 434122
                                            Assistant United States Attorney


- 14 -

_____/s/_____

JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161
jane.lyons@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused copies of the foregoing **Defendant's Reply in Support of Motions to Dismiss and to Amend the Case Caption** to be served by first class United States mail upon Plaintiff, pro se, at:

Eleanor Lauderdale
901 Northwest Drive
Silver Spring, Maryland 20901

on this 14th day of September, 2006.

_/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney