UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELEANOR LAUDERDALE, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No.: 06-0955 (CKK) |
| UNITED STATES, | ) |
| Defendant. | ) |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant respectfully gives notice that on January 22, 2007, the Supreme Court held in Osborn v. Haley, No. 05-593, 549 U.S. —, 2007 WL 135830 (Jan. 22, 2007), that: "Upon certification, the action is "'deemed to be . . . brought against the United States,' *ibid* [quoting 28 U.S.C. § 2679(1)(3)], unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment." Id. at *16 (version available in Westlaw). Defendant noted the pendency of the Osborn case in the motion to dismiss filed on July 3, 2006. See Def.'s Mem. at 3 n.2 [Docket Entry No.3]. The Supreme Court's decision in Osborn reaffirms that the Attorney General's certification is conclusive as to whether the federal employee was acting in the scope of his employment, and the Court is not bound by plaintiff's allegations on that issue. Defendant also notes two recent D.C. Circuit decisions on scope of employment under the FTCA, both of which were decided prior to Osborn: Arrington v. United States, No. 06-5263a (D.C. Cir. December 29, 2006) (reversing grant of summary judgment to defendant based on material issues of fact concerning whether allegedly excessive force was inflicted after suspect was already restrained), and Majano v. United States,

No. 06-5200 (D.C. Cir. December 1, 2006) (finding sufficient evidence to require a finder of fact to determine whether federal employee was acting in the scope of her employment in connection with a workplace scuffle).[1]

In this case, plaintiff cannot overcome the Attorney General's certification because there is no dispute that the incident in question happened at the conclusion of and grew directly out of a labor management meeting on May 1, 2006 at the Department of Labor.  There is nothing in plaintiff's allegations in the complaint suggesting any non-work purpose in the conduct of the federal employee whose conduct allegedly constituted an assault.  These allegations are insufficient to trigger discovery on the issue of whether there could have been a (purely) personal motive for the alleged assault, especially applying D.C. case law finding that revenge growing out of a workplace dispute does not qualify as a purely personal motive in the context of *respondeat superior*, even where revenge leads to actual violence, as opposed to the mere "intimidation" alleged here.[2]  In short, exactly what happened as the meeting concluded is simply not material to resolution of the question of scope of employment because there is no well-pleaded allegation of a personal motive that would satisfy D.C. law.  See Def.'s Mem. In Support of Its Motion to Dismiss, at 2-3 (discussing applicable legal standard and distinction between facts and conclusions).

---

[1] Undersigned counsel notes that extensions of time for seeking further review in both of these cases have been granted by the D.C. Circuit and not yet run.

[2] See, e.g., Hechinger Co. v. Johnson, 761 A.2d 15, 24 (D.C. 2000) ("even if prompted partially by personal motives, such as revenge"); accord Weinberg v. Johnson, 518 A.2d 985 (D.C. 1986) (employee shoots customer in the face acted in scope of employment); Lyon v. Carey, 533 F.2d 649 (D.C. Cir. 1976) (employee rapes customer over dispute as whether to accept a check for payment found to have acted within scope of employment).

Accordingly, the United States is properly substituted and this case dismissed because assault is not a claim for which relief may be granted under the Federal Tort Claims Act, 28 U.S.C. § 2680(h).[3]

Dated: January 25, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.- Room E4822
Washington, D.C.  20530
(202) 514-7161

---

[3] Despite the FTCA's assault exclusion, the plaintiff is not without recourse.  For one thing, to the extent she was injured, plaintiff herself can obtain compensation for her losses (which covers two-thirds of medical expenses and lost wages) as part of the FECA's no-fault workers compensation scheme.  Under the indemnification requirements of that system, anything she might recover from her co-worker if he were found to have acted outside the scope of his employment would first need to be paid back to the FECA fund, and thus plaintiff would only realize additional compensation if her co-workers' recoverable assets exceeded any amounts paid under FECA.

**CERTIFICATE OF SERVICE**

      I certify that I caused copies of the foregoing **Defendant's Notice of Supplemental Authority** to be served by first class United States mail upon Plaintiff, pro se, at:

Eleanor Lauderdale
901 Northwest Drive
Silver Spring, Maryland 20901


on this 25th day of January, 2007.


    /s/
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney