UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR LAUDERDALE,<br><br>　Plaintiff,<br><br>　　v.<br><br>DOUGLAS F. SMALL,<br><br>　Defendant. | Civil Action No.  06-955 (CKK) |

**MEMORANDUM OPINION**
(March 12, 2007)

On May 12, 2006, *pro se* Plaintiff Eleanor Lauderdale, whom the Court understands to be an employee of the Department of Labor, as well as Executive Vice President of the American Federation of Government Employees Local 12, filed a Complaint in the Superior Court of the District of Columbia against Defendant Douglas F. Small, also an employee of the Department of Labor, alleging facts consistent with assault and requesting injunctive relief in the form of "an Order of Protection to demand that Mr. Small keep a distance of 25 feet away" from Plaintiff. [1] Notice of Removal, Ex. 1(Complaint).  *See also* Def.'s Mem. to Dismiss at 1; Pl.'s Opp'n at 1.  On May 22, 2006, Defendant filed a [1] Notice of Removal of Civil Action to the United States District Court for the District of Columbia, attaching a certification pursuant to the Attorney General's delegation of authority that "Douglas F. Small was acting within the scope of his employment as an employee of the United States at the time of the alleged incident."  [1] Notice of Removal, Ex. 2 (Certification).

Presently before the Court are two motions filed by Defendant: [3] Defendant's Motion to Dismiss; and [4] Motion by Defendant United States of America to Amend Case Caption. Plaintiff filed an Opposition to both motions, to which Defendant filed a Reply.  Upon considering the aforementioned filings, Plaintiff's Complaint, the history of the case, and the

relevant statutes and case law, the Court shall grant both of Defendant's Motions.

## I. BACKGROUND

In Plaintiff's Complaint, Plaintiff alleges the following as the entirety of her claim:

> On May 1, 2006, the plaintiff had a labor management meeting with defendant Douglass Small. At the conclusion of the meeting Mr. Small, while leaving the meeting room, yelled to the plaintiff that she had better do her homework before meeting with him again. Plaintiff responded as she was leaving the room behind him. Defendant turned around and came within a half foot of plaintiff's body. With his fist balled up, with an ink pen between his fingers, he put his fist in plaintiff's face while screaming at her through clenched teeth. Plaintiff is a female, standing 5'2" tall; Defendant is a male, standing approximately 6'5" tall. Plaintiff was intimidated and feels threatened by him.

[1] Notice of Removal, Ex. A at 1 (Complaint). When Plaintiff filed her Complaint, she also filed a motion requesting injunctive relief in the form of a TRO. *Id.* Plaintiff's Motion includes the following two statements by Plaintiff, set forth below in their entirety:

> I want the Court to grant me an Order of Protection to demand that Mr. Small keep a distance of 25 feet away from me.
>
> The Court should grant my motion because the evidence will establish that I am justified in seeking an Order of Protection to assure my safety because DoL Security has declined to do so.

*Id.* On May 22, 2006, Defendant filed a [1] Notice of Removal of Civil Action to the United States District Court for the District of Columbia, attaching a certification pursuant to the Attorney General's delegation of authority that "Douglas F. Small was acting within the scope of his employment as an employee of the United States at the time of the alleged incident." [1] Notice of Removal, Ex. 2 (Certification).

Defendant's [4] Motion to Amend Case Caption, filed on July 3, 2006, seeks to amend the case caption "to reflect the substitution of the United States for Douglas F. Small as the sole federal defendant in this action." Mot. to Amend Case Caption at 1. Defendant argues that "good cause" exists to grant the motion because it concurrently filed a certification pursuant to

28 U.S.C. § 2679 "that Mr. Small was acting within the scope of his employment as an employee of the United States at the time of the events alleged in the Complaint." *Id*.

Defendant's [3] Motion to Dismiss, also filed on July 3, 2006, seeks dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant argues specifically that Plaintiff's assault claim should be dismissed because 1) Defendant was properly certified as acting within the scope of his employment; 2) Plaintiff has not exhausted her administrative remedies under the Federal Tort Claims Act (FTCA); 3) the FTCA does not provide a waiver of sovereign immunity for assault claims; and 4) Plaintiff was acting within the scope of her employment such that her exclusive remedy for injury is under the Federal Employees Compensation Act, 5 U.S.C. §§ 8101 *et seq*. ("FECA").  Def.'s Mem. to Dismiss at 1, 4-11.

Plaintiff, in her Opposition, states that Defendant has improperly re-framed her Complaint by removing it from Superior Court.  Plaintiff claims that the FTCA and FECA have no bearing on her Complaint because "[i]n the instant case, plaintiff [does] not seek money damages," and "plaintiff never alleged that she suffered an injury." Pl.'s Opp'n at 3 & n.4. Rather, "[Plaintiff] merely sought the protection of the court from an abusive individual when her agency failed to take any action whatsoever to assure her safety." *Id.* at 3.  Plaintiff states that "orders of protection are generally issued by municipal courts that have the wherewithal to monitor the orders.  By removing plaintiff's complaint to federal court, the U.S. Attorney's Office has effectively precluded the requested remedy." *Id.* at 3 n.2.

What Plaintiff does argue is extremely limited:  that "preliminary application of the Westfall Act presupposes the validity of an issue that must subsequently be addressed by the

3

court–whether the defendant was acting within the scope of his employment." *Id*. at 2. The crux of Plaintiff's argument is that Defendant was not acting with the scope of his employment when he "threatened" her. *Id.* at 4-7. Plaintiff admits that "the question of sovereign immunity arises only if this court finds that the defendant, in perpetrating an assault, was acting within the scope of his employment. Plaintiff does not dispute that the federal government is protected against numerous legal actions because of sovereign immunity. What plaintiff argues here is that the defendant was not acting within the scope of his employment, that the government should not be substituted as defendant, and that therefore, sovereign immunity is applicable in the instant case." *Id.* at 4. However, the Court notes that Plaintiff does not clarify any legal basis under which she requests a restraining order against Mr. Small or define her actual claim (rather than simply the remedy she seeks) in any way. Nor does Plaintiff refute that her Complaint essentially sets forth facts alleging the tort of assault.

Defendant, in his Reply, argues that "by affirmatively disavowing both that she was injured on May 1, 2006 and that she is seeking to recover any monetary damages in this action, plaintiff effectively concedes in her opposition to defendant's motion that she has failed to state any claim against Mr. Small because the basis for obtaining injunctive relief–which is the only thing plaintiff supposedly continues to seek–must be some kind of irreparable injury and the inadequacy of other remedies." Def.'s Reply at 1 (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Defendant suggests that Plaintiff may be seeking an action in the nature of mandamus pursuant to 28 U.S.C. § 1361, see Def.'s Reply at 3-4, though the Court finds that neither Plaintiff's Complaint nor Opposition makes any suggestion that she seeks a writ of mandamus (and accordingly, the Court shall not construe her claim as such). Finally, the

Court notes that on January 25, 2007, Defendant filed a [14] Notice of Supplemental Authority, pointing the Court to a relevant, recently-decided Supreme Court case--*Osborn v. Haley*, 127 S. Ct. 881 (Jan. 22, 2007)–that the Court shall discuss below.

## II.  LEGAL STANDARDS & DISCUSSION

*A.      Defendant's Motion to Amend Case Caption*

Pursuant to 28 U.S.C. § 2679:

> (1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court *shall* be deemed an action against the United States under the provisions of this title and all references thereto, and the United States *shall* be substituted as the party defendant.
> (2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court *shall* be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.  Such action or proceeding *shall* be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.  This certification of the Attorney General *shall* conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(1) & (2) (emphasis added).  The text of 28 U.S.C. § 2679(d)(1) leaves little question that upon certification, a case "shall" be deemed an action against the United States, and the United States "shall" be substituted as the party defendant such that amending the case caption is required in the instant case.  Furthermore, the Supreme Court recently decided in *Osborn v. Haley*, 127 S. Ct. 881, 888 (Jan. 22, 2007), that "[t]he United States, we hold, must remain the federal defendant in the action unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." *Id.*

To the extent the question of whether or not removal was proper is implicated by this motion, the Court again turns to the text of 28 U.S.C. § 2679, which states that the "certification of the Attorney General *shall* conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2) (emphasis added). As said certification was issued in this case, the Court finds that the case was appropriately removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. Any doubt regarding this removal mechanism was resolved via the Supreme Court's decision in *Osborn*:

> The [Westfall] Act's distinction between removed cases in which the Attorney General issues a scope-of-employment certification, and those in which he does not, leads us to conclude that Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted. Absent certification, § 2679(d)(3) directs that the case must be remanded to the state court in which the action commenced. In contrast, when the Attorney General certifies scope of employment, his certificate "conclusively establish[es] scope of office or employment *for purposes of removal*." § 2679(d)(2) (emphasis added). Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant *for purposes of trial* if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect. For purposes of establishing a forum to adjudicate the case, however, § 2679(d)(2) renders the Attorney General's certification dispositive.

*Id.* at 894. Accordingly, the instant case–by virtue of the Attorney General's certification–was properly removed from the Superior Court of the District of Columbia to the instant Court. Furthermore, "[b]y declaring the Attorney General's certification 'conclusive' as to the federal forum's jurisdiction, Congress has barred a district court from passing the case back to the state court where it originated based on the court's disagreement with the Attorney General's scope-of-employment determination." *Id.* at 895. In other words, once removed from Superior Court pursuant to the Westfall Act, the instant Court is prohibited from transferring the instant case back to that Court.

Accordingly, Defendant's Motion to Amend Case Caption shall be granted by the Court, and the Court shall consider the merits of Defendant's Motion to Dismiss.

    B.    *Defendant's Motion to Dismiss*

        1.    <u>Legal Standards</u>

<u>Rule 12(b)(1)</u>: A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1). In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b) should not prevail "unless plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). A court may appropriately dispose of a case under 12(b)(1) for standing, and may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Artis v. Greenspan*, 223 F. Supp. 2d 139, 152 n.1 (D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("where a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment") (citing *Greenberg v. The Life Ins. Co. of Virginia*, 177 F.3d 507, 515 (6th Cir. 1999)). At the stage in litigation when dismissal is sought, the plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d

621, 624 (D.C. Cir. 1997). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

  Rule 12(b)(6): In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, unlike resolving a motion under Rule 12(b)(1), the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). While the court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn by the plaintiff[] if such inferences are not supported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276. Moreover, the court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See St. Francis Xavier Sch.*, 117 F.3d at 624; *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 133 L. Ed.2d

773 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

    2.    Discussion

        *a.*    *Federal Employees' Compensation Act ("FECA")*

FECA provides a comprehensive range of benefits for work-related injuries for federal employees. *See* 5 U.S.C. § 8101, *et seq.* FECA is an exclusive remedy against the United States for a federal employee who has sustained personal injury "while in the performance of his duty." *See* 5 U.S.C. § 8102(a). FECA's exclusive liability provision was enacted to protect the government from suits brought under statutes that waive sovereign immunity, such as the Federal Tort Claims Act ("FTCA"). *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–94, 103 S. Ct. 1033, 1036, 74 L. Ed. 2d 911 (1983); *see also Zellars v. United States*, No. Civ. A. 05–1670 (RBW), 2006 WL 1050673 at *2 (D.D.C. Apr. 20, 2006). As such, if FECA applies to a particular claim for injuries, a tort action brought against the United States arising out of the same injuries is preempted, and a federal court may not hear the case for lack of jurisdiction. *See Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90, 112 S. Ct. 486, 493, 116 L. Ed. 2d 405 (1991) ("[T]he courts have no jurisdiction over FTCA claims where . . . FECA applies"). Consequently, employees receive "immediate, fixed benefits, regardless of fault and without need for litigation," but, in exchange, lose the right to sue the government. *Lockheed Aircraft Corp.*, 460 U.S. at 194, 103 S. Ct. 1033; *see* 5 U.S.C. § 8116(c).

Plaintiff is a federal employee in this case, and the incident she alleges occurred in her Complaint occurred, as set forth in her Complaint, during a "labor management meeting" with another federal employee. However, in light of Plaintiff's own admission that "plaintiff never

alleged that she suffered an injury," see Pl.'s Opp'n at 3, n.4, and Defendant's corresponding agreement in light thereof that "defendant respectfully withdraws his alternative argument that the FECA provides a basis for dismissal," see Def.'s Reply at 7 n.5, the Court shall not apply FECA to the instant case.

       b. *Regardless of whether Defendant acted within the scope of his employment, Plaintiff is not entitled to relief*

  Plaintiff emphasizes that "[i]n the instant case, plaintiff [does] not seek money damages," and "plaintiff never alleged that she suffered an injury." Pl.'s Opp'n at 3 & n.4. Rather, "[Plaintiff] merely sought the protection of the court from an abusive individual when her agency failed to take any action whatsoever to assure her safety." *Id.* at 3. The crux of Plaintiff's argument is that Defendant was not acting with the scope of his employment when he "threatened" her such that the FTCA would not jurisdictionally bar her claim against Defendant. *Id.* at 4-7. *See id.* at 4 ("What plaintiff argues here is that the defendant was not acting within the scope of his employment, that the government should not be substituted as defendant, and that therefore, sovereign immunity is applicable in the instant case.").

  While "scope of employment questions are generally viewed as questions of fact best resolved by a jury," *Majano v. United States*, 469 F.3d 138, 140 (D.C. Cir. 2006), the Court need not decide whether Defendant was acting within the scope of his employment in the instant case, because either way, Plaintiff is barred from pursuing the relief she seeks in this federal court.

       i. <u>If Defendant was acting within the scope of his employment, the Court does not have jurisdiction to entertain Plaintiff's claim</u>

  The United States and its agencies retain sovereign immunity from suit unless that

immunity is waived. *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994); *Floyd v. District of Columbia*, 129 F.3d 152, 155 (D.C. Cir. 1997); *Brown v. Secretary of Army*, 78 F.3d 645, 650 (D.C. Cir. 1996), *reh'g denied*, 86 F.3d 225 (D.C. Cir. 1996). The terms of the government's consent to be sued define courts' jurisdiction to entertain a suit against the government. *See Meyer*, 510 U.S. at 475, 114 S. Ct. 996. Any waivers of immunity must be "unequivocally expressed" and waivers are "not generally to be liberally construed . . . [unless such a construction is] consistent with Congress' clear intent." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 112 S. Ct. 1011, 1014, 117 L. Ed. 2d 181 (1992).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, is a limited waiver of the federal government's sovereign immunity. *See, e.g.*, *GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987). Therefore the provisions of the FTCA should be strictly construed to protect sovereign immunity where Congress has not chosen to waive it. *See United States v. Kubrick*, 444 U.S. 111, 117-18, 100 S. Ct. 352, 357, 62 L. Ed. 2d 259 (1979). Pursuant to 28 U.S.C. § 2679(d)(1), "federal employees are immune from state tort lawsuits for money damages if their tortious conduct occurred while they were acting within the scope of their employment." *Majano v. United States*, 469 F.3d 138 (D.C. Cir. 2006).

Two provisions of the FTCA are particularly relevant to Defendant's arguments. Pursuant to 28 U.S.C. § 2675:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by*

> *the agency in writing and sent by certified or registered mail.* The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C.A. § 2675(a) (emphasis added). *See McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Additionally, the FTCA does not provide a waiver of sovereign immunity for "any claim arising out of assault . . . ." 28 U.S.C. § 2680(h). *See also Majano*, 469 F.3d at 139 ("[T]he United States has retained its sovereign immunity against assault claims. Therefore, Majano's sole hope of success requires that she show Kim's assault was not within the scope of her employment, such that the Westfall Act would not render Kim immune from suit.").

Plaintiff does not purport to have filed an administrative claim prior to filing suit, nor does she refute Defendant's claim to this effect. She further admits that she has alleged the claim of assault in her Complaint. *See* Pl.'s Opp'n at 4 ("the question of sovereign immunity arises only if this court finds that the defendant, in perpetrating an assault, was acting within the scope of his employment."). *See also Rogers v. Loews L'Enfant Plaza Hotel*, 526 F. Supp. 523, 529 (D.D.C. 1981) ("One can be subject to liability to another for assault if: (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension."). Indeed, Plaintiff does not dispute that the act of assault at issue in this case is not covered by the FTCA, and as such, the United States has not waived its sovereign immunity with respect to this claim. Accordingly, assuming *arguendo* that Defendant was acting within

the scope of his employment in allegedly assaulting Plaintiff, the Court does not have jurisdiction over Plaintiff's claim against the United States both because Plaintiff has not exhausted her administrative remedies and because the claim of assault is not covered by the FTCA's waiver of sovereign immunity.

      ii.    <u>If Defendant was not acting within the scope of his employment, Plaintiff has not met the requirements for injunctive relief–the sole relief she seeks-with respect to her assault claim</u>

If Defendant Small were found not to be acting within the scope of his employment such that the FTCA did not jurisdictionally bar Plaintiff's suit, Plaintiff still has not alleged any factual or legal basis for the relief that she seeks.  As established in Section II(B)(2)(b)(i), Plaintiff's Complaint essentially alleges that Defendant assaulted her.  Already iterated twice in this opinion, the Court focuses on Plaintiff's statement that "[i]n the instant case, plaintiff [does] not seek money damages," and "plaintiff never alleged that she suffered an injury."  Pl.'s Opp'n at 3 & n.4.  Rather, "[Plaintiff] merely sought the protection of the court from an abusive individual when her agency failed to take any action whatsoever to assure her safety."  *Id.* at 3.  To the best of the Court's understanding, Plaintiff seeks injunctive relief in the form of a protective order against Defendant without providing any legal basis for the relief that she seeks in a federal court.

Since Plaintiff appears to request a temporary injunction, the Court shall apply the standard applicable to such requests to Plaintiff's claim–Federal Rule of Civil Procedure 65 ("Injunctions").  The decision whether to grant preliminary injunctive relief under Federal Rule of Civil Procedure is reserved to the sound discretion of the Court.  *See* Fed. R. Civ. P. 65(a); *Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1208 (D.C. Cir. 1989).  In assessing whether to

grant preliminary injunctive relief, which is considered an extraordinary remedy in this circuit, *see Dorfmann v. Boozer*, 414 F.2d 1168, 1173 (D.C. Cir. 1969), a court must balance four factors: (1) whether the movant is substantially likely to succeed on the merits; (2) whether the movant would suffer irreparable injury if the injunction were not granted; (3) whether an injunction would substantially injure other interested parties; and (4) whether the public interest would be furthered by the injunction. *See Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)); *Serono Labs, Inc. v. Shalala*, 158 F.3d 1313, 1317–18 (D.C. Cir. 1998).

"These factors interrelate on a sliding scale and must be balanced against each other. 'If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in the other areas are rather weak.'" *Serono Labs*, 158 F.3d at 1318 (quoting *CityFed Fin. Corp.*, 58 F.3d at 746). Accordingly, "[a]n injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." *CityFed Fin. Corp.*, 58 F.3d at 747. Notwithstanding the fluid nature of this familiar four-part inquiry, "[i]t is particularly important for the [movant] to demonstrate a substantial likelihood of success on the merits." *Barton v. Dist. of Columbia*, 131 F. Supp. 2d 236, 242 (D.D.C. 2001) (citing *Benten v. Kessler*, 505 U.S. 1084, 1085 (1992)). If the movant fails to do so, "it would take a very strong showing with respect to the other preliminary injunction factors to turn the tide in plaintiffs' favor." *Davenport v. Int'l Bhd. of Teamsters*, 166 F.3d 356, 366 (D.C. Cir. 1999).

In addition, a party seeking preliminary injunctive relief must demonstrate at least some irreparable injury because "the basis for injunctive relief in the federal courts has always been

14

irreparable harm." *CityFed Fin.*, 58 F.3d at 747 (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)) (alterations omitted). In order to establish irreparable injury justifying preliminary injunctive relief, a plaintiff must establish injury that is great, certain, and actual, not merely theoretical. *Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). "'The injury complained of [must be] of such *imminence* that there is a "clear and present" need for equitable relief to prevent irreparable harm.'" *Id.* (quoting *Ashland Oil, Inc. v. FTC*, 409 F. Supp. 297, 307 (D.D.C. 1976), *aff'd*, 548 F.2d 977 (D.C. Cir. 1976)) (emphasis in original). Importantly, "if the movant makes no showing of irreparable injury, 'that alone is sufficient' for a district court to refuse to grant preliminary injunctive relief." *Sociedad Anonima Viña Santa Rita*, 193 F. Supp. 2d 6, 14 (D.D.C. 2001) (quoting *CtyFed Fin.*, 58 F.3d at 747); *see also Wisconsin Gas*, 758 F.2d at 674 ("We believe that analysis of [irreparable harm] disposes of these motions and, therefore, address only whether the petitioners have demonstrated that in the absence of a stay, they will suffer irreparable harm.").

In the instant case, the Court need only address the "irreparable injury" prong of the four-factor analysis in determining that Plaintiff is not entitled to the relief she seeks. A party seeking preliminary injunctive relief must demonstrate at least some irreparable injury because "the basis for injunctive relief in the federal courts has always been irreparable harm." *CityFed Fin.*, 58 F.3d at 747 (quoting *Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937, 952, 39 L. Ed. 2d 166 (1974)) (alterations omitted). Plaintiff herself admits that she has not suffered any injury because of Defendant's actions. *See* Pl.'s Opp'n at 3 n.4 ("[P]laintiff never alleged that she suffered an injury."). Nor has she made any demonstration of or allegations related to imminent future injury. If there is no injury at issue, as Plaintiff herself admits, then the Court lacks any basis to

award injunctive relief to Plaintiff.  *See* Def.'s Reply at 1.  As Plaintiff has presented no other legal framework for the Court to invoke, the Court finds that even if Defendant was acting outside of the scope of his employment when he allegedly assaulted Plaintiff, the Court nonetheless has no legal basis under which it can award Plaintiff the relief she requests in a federal court.  The Court would surmise that Plaintiff intended to request relief in the nature of a civil protection order instead of a temporary restraining order when she filed an action in the Superior Court of the District of Columbia.  In addition, the Court is without authority to remand the instant case back to the Superior Court of the District of Columbia.  *See Osborn*, 127 S. Ct. at 888-89 ("[W]e hold that the Attorney General's certification is conclusive for purposes of removal, *i.e.*, once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court.").

### III.  CONCLUSION

Based on the aforementioned reasoning, the Court shall GRANT Defendant's [4] Motion to Amend Case Caption and GRANT [3] Defendant's Motion to Dismiss.  An Order accompanies this Memorandum Opinion.


Date:   March 12, 2007

                                                                        /s/
                                                         COLLEEN KOLLAR-KOTELLY
                                                         United States District Judge